## WHIGHAM et v STATE ex BILKEY*

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided March 4, 1931

James Metzenbaum and Edward Blythin, both of Cleveland, for Whigham, et.

J. L. Vaughn and E. G. Krauss, Cleveland, for State ex.

KUNKLE and HORNBECK, JJ, (2nd Dist), sitting.

*Motion to certify overruled May 20, 1931.

### KUNKLE, J.

Relator claims that it was the intention of said outgoing council by the passage of said ordinance to deprive relator of the fair and reasonable compensation for the services which by law are imposed upon him in the performance of his duties; that by the passage of said ordinance the outgoing council acted in bad faith; that it was passed as a result of political and personal prejudice toward this relator; that at the time of his election to said office for the years 1930 and 1931 he was then the duly elected, qualified and acting marshall of the Village of South Euclid, Ohio, for the years 1928 and 1929 serving at a salary of Three Thousand Dollars per year by virtue of said ordinance number 961; that the salary as fixed by said ordinance number 961 as marshal of said village was fair and reasonable and was paid to relator; that the services to be rendered and duties to be performed by said relator as marshal of said

village for the years 1930 and 1931 are more numerous than in previous years.

The duties of the marshal and the compensation paid other officers are set forth in detail, including the office of Chief of Police, which officer is to receive Three Thousand Dollars per year, payable monthly.

Relator claims that said ordinance number 1231 was a pretended amendment to Section 8 of the ordinance number 979, and that ordinance number 979 is null and void insofar as it pertains to the office of Chief of Police, in that it is contrary to §4385 GC, which provides that the marshal shall be executive head of the police department of the village under the mayor; that said ordinance number 979 seeks to divest the marshal of his authority under the law, and to provide for the appointment of a Chief of Police to supplant the marshal, contrary to the provisions of §4384 and §4385 GC.

After reciting the action of council and other defendant officers herein, the relator prays that the court declare the pretended ordinance known as ordinance number 1226 unlawful and of no effect; that the provisions of ordinances numbers 1231 and 979 providing for the office of Chief of Police and the payment of his salary, passed on January 2nd, 1930 by the present council, and January 4th, 1928, by the outgoing council, respectively, be declared invalid and of no effect; that a peremptory writ of mandamus issue commanding the said defendants, the mayor, and the members of the present council to appropriate by proper legislation a sufficient amount of money for the payment of relator's salary for the years 1930 and 1931; that the said members of the present council be commanded to approve the payment of relator's salary for each and every month during the said years 1930 and 1931; that the said clerk of said village be commanded to issue and sign a voucher or warrant in favor of relator for his said salary, and that the defendant treasurer be commanded to sign said vouchers or warrants so issued by the clerk and cause them to be delivered to the relator upon demand, and for all other proper relief to which relator may be entitled.

To this petition a demurrer was filed, and overruled by the trial court.

Separate answers were filed by defendants below, and an issue was joined and the case submitted to the trial court, with the result that the trial court found in favor of defendant in error.

Motions for new trial having been overruled, and judgment entered in favor of defendant in error, a petition in error was filed in this court.

Counsel have favored the court with un-usually exhaustive briefs. Much of the testimony and many authorities are cited and commented upon by counsel in their very helpful briefs.

To attempt to quote from the testimony would be of no avail, unless very large portions thereof were cited and commented upon. This will be unnecessary, as counsel are thoroughly familiar with the same. We have also considered with care the controlling authorities cited by counsel in their respective briefs. We shall not undertake to discuss these authorities in detail, but will merely announce the conclusion at which we have arrived, after a consideration of the record and authorities.

In brief, this is a proceeding in mandamus in which defendant in error, being the plaintiff below, seeks a mandatory order requiring such officers to make a levy for and pay to defendant in error a salary for the years 1930 and 1931 on the basis of Three Thousand Dollars per year instead of Ten Dollars per year.

The record shows that vouchers have been issued to defendant in error on the basis of the salary provided in the Ten Dollar per year ordinance.

Defendant in error seeks to avoid such Ten Dollars per year ordinance upon the ground that the same is invalid and of no effect.

We are of the opinion that the relator can not raise the question of the constitutionality or invalidity of the Ten Dollar per year ordinance in a proceeding in mandamus. We think the relator has misconceived the scope of such proceeding.

A proceeding in mandamus can be maintained under §12283 GC in the following cases, namely, "Mandamus is a writ issued in the name of the State, to an inferior tribunal, a corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station."

The ordinance which was in effect at the time in question, and the provisions of which the relator might have enforced, provides for a salary of Ten Dollars per annum to relator, and there is no dispute but that warrants would have been issued to relator for such amounts.

The relator cannot determine the validity or constitutionality of the Ten Dollar per year ordinance by a procedeing in mandamus. Relator has an adequate remedy by which he can test the validity of such ordinance, and also the question as to whether the former Three Thousand Dollars per year ordinance is still in full force and effect, if such Ten Dollar per year ordinance is invalid. City officials should not be expected to determine such legal questions.

The duty is to comply with the ordinances adopted until the same are repealed or set aside by the courts.

There is no question but that the allowance of a writ of mandamus is to an extent within the discretion of the court. In the 26th Cyc., page 144, the following rule is announced, and various decisions of the Supreme Court of the United States referred to, namely:

"Nor is the court bound to take the case as the applicant presents it. It may consider the applicant's rights, interests of third persons, the importance or unimportance of the case and applicant's conduct in determining whether or not the writ shall go. The issuing of the writ is therefore generally, almost universally, considered discretionary."

To the same effect is the decision in the 26th Ohio Circuit Court Reports, page 437, as follows:

"Mandamus will not be awarded in all cases, even where a prima facie right to relief is shown, but regard will be had to the exigency which calls for exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case."

In the 104th Ohio State Reports, at page 362, Judge Johnson of the Supreme Court defined a writ of mandamus as follows:

"Mandamus is a high prerogative writ to be used in the discretion of the court when it is clearly shown that there is a plain dereliction of duty by public officers. It will issue only in the absence of any other adequate remedy."

We can not say from the record that the officials in question were derelict in their duty in legally determining that the Ten Dollar per year ordinance was unreasonable and therefore invalid. On the contrary, we doubt their authority to determine the validity of such ordinance. We are therefore not in a position to find that they were guilty of a plain dereliction of duty by failing to issue vouchers on the basis of the former Three Thousand Dollars per year ordinance.

A very comprehensive discussion of the province of a writ of mandamus is found in the case of State of Indiana, ex rel. Hunter, v Winterrowd, Building Inspector, in the 174th Indiana Reports, at page 592.

Paragraph 5, of the syllabus is as follows:

"It is the duty of officers and citizens to obey a statute until it is repealed or judicially overthrown."

On page 598, the Court says:

"It seems to us a manifest hardship to impose upon a petty ministerial officer the burden of determining, at his peril, and defending the validity of a law which he is required and willing to obey. He may have no personal interest in the law assailed and be provided with no means to make a defense for the benefit of others. We conclude, therefore, that the relator in this proceeding cannot require the court to pass upon the constitutionality of the act called in question."

A very interesting and exhaustive discussion of the circumstances under which a writ of mandamus will issue is found in 38 Corpus Juris, pages 717 to 767. In the case at bar we think the relator has another adequate remedy by which he can determine his rights under the two ordinances in question.

We are also of opinion that defendants below should not be expected to adjudicate the question as to whether the relator's salary is to be based upon the present ordinance fixing the same at Ten Dollars per year or upon the former ordinance fixing the same at Three Thousand Dollars per year and that until the reasonableness of the Ten Dollar per year ordinance is determined in a proper suit that a writ of mandamus should not be issued as against such officers. We concede that it is desirable to avoid a multiplicity of suits yet it is assumed that public officials will perform their duty. If, in a proper case, it is determined that the Ten Dollar per year ordinance is not reasonable and, therefore, invalid, the presumption would be that the officials in question would heed such determination.

Entertaining these views the writ will be denied and the amended petition of relator will be dismissed.

KUNKLE and HORNBECK, JJ, concur.