[Civ. No. 17931. Second Dist., Div. Two. Dec. 8, 1950.]

HADDEN INC. (a Corporation), Appellant, v. CITY OF INGLEWOOD et al., Respondents.

Darwin H. Wolford for Appellant.

Clyde Woodworth, City Attorney, and Dunlap, Holmes, Ross & Woodson, for Respondents.

McCOMB, J.—From a judgment sustaining defendants' demurrer without leave to amend to petitioner's application for a writ of mandate to compel the city of Inglewood to grant a zone variance to permit petitioner to drill and operate a well for the production of oil and gas on land owned by it, petitioner appeals.

*Facts:* Petitioner is the owner of Lots 65 and 66 of Tract 216 in the city of Inglewood which contain approximately 50,000 square feet. The west half of these lots faces on Eucalyptus Avenue, and is in an R-3 (multiple dwellings) zone. The easterly half is in a C-3 (light commercial) zone.

Petitioner applied to defendants for a variance of the zoning ordinance to permit it to drill an oil well on its lots. Upon the denial of its application it filed the present petition for a writ of mandate against defendants contending that the zoning ordinance of the city of Inglewood is unconstitutional.

This is the sole question necessary for us to determine:

■ *Was mandamus the proper remedy for petitioner to employ in order to determine the constitutionality of the zoning ordinance under which defendant refused petitioner a variance so that it might drill an oil well?*

*No.* Mandamus will not lie to review the decision of a municipality in denying an application for a variance from a zoning ordinance, since the filing of such application admits the validity of the ordinance. (*Rubin* v. *Board of Directors,* 16 Cal.2d 119, 126 et seq. [104 P.2d 1041].)

*Bernstein* v. *Smutz,* 83 Cal.App.2d 108 [188 P.2d 48], relied on by plaintiff, is factually distinguishable from the instant case. There the ordinance made no provision for a variance, while the Inglewood ordinance expressly gave the city authority to grant a variance. (For a discussion of this point see Mr. Justice Vallée's comments in the Bernstein case, *supra,* at p. 114 et seq.)

Plaintiff's contention that the ordinance is unconstitutional as creating a monopoly is not available since it is established as above stated that the constitutionality of an ordinance may not be questioned in a mandamus proceeding.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1951. Shenk, J., Carter, J., and Schauer, J., voted for a hearing.