[Civ. No. 6202.   Fourth Dist.   Nov. 13, 1959.]

PHIL ANTHONY HOMES, INC. (a Corporation), Appellant, v. CITY OF ANAHEIM et al., Respondents.

Julius A. Leetham for Appellant.

Preston Turner, City Attorney, and Gene Hardy for Respondents.

MONROE, J. pro tem.* — The petitioner and appellant brings this proceeding for a writ of mandate to compel the city of Anaheim and its city council to issue an order granting a zone variance in regard to property owned by petitioner. The property in question is in the area that is neighboring

---

*Assigned by Chairman of Judicial Council.

to Disneyland. The property in the immediate vicinity is occupied by motels, restaurants and a service station. Petitioner acquired the property in April of 1957, and in the following months submitted to the city planning commission its petition for a variance to permit the construction of a commercial swimming pool and an office for the sale of swimming pools, which petition was regularly granted in accordance with the zoning ordinance of the city of Anaheim.

An appeal to the city council was taken by Disneyland, Inc. and by Leo Friedman, an owner of near-by property. On July 16, 1957, after public hearing, the city council vacated the order of the planning commission and disapproved and denied the request for variance.

This action was commenced for the purpose of testing the validity of the action of the city, and to procure a writ of mandamus compelling the allowance of the petition for variance. After trial the court found the issues against the contentions of the petitioner and rendered its judgment accordingly. This appeal followed.

It is contended that the action of the city council was invalid for the reason that there was no sufficient compliance with the requirements of the Anaheim city ordinance, with regard to notice. Appellant's attack is centered upon the issue of whether a notice was posted in front of the property, as required. The trial court, upon a conflict of the evidence, specifically found that notice was given by publication in the Anaheim Bulletin, a newspaper of general circulation, and by mailing postal card notices to the owners of property within a radius of 300 feet of the exterior boundaries of the property, and by posting notice near the property. The court found that the notices thus given were given not less than 10 days prior to the hearing and in all respects as required by the city ordinances.

The witness Richard Guthery testified positively to the posting of the required notice upon a telephone pole adjacent to the street at the front of the property and a "short distance" south of it. It appears that there existed a telephone pole a short distance to the north of the property and another one a short distance to the south. It was later established by the trial court that the pole to the south was approximately 80 feet south of the boundary and that there was no telephone pole directly in front of the property. The matter was considered by the trial court upon the trial, and further at the

motion for a new trial, and it was held that the posting was sufficient.

It is true that there is some conflict in the testimony relative to this matter but there being substantial evidence to support the finding of the trial court, that finding may not be disturbed on appeal.

In any event, it appears that all parties concerned knew of the hearing before the city council and that the appellant appeared at the meeting and other property owners were present and some opposed and some favored the granting of the variance. The ruling of the court in *Hopkins* v. *Mac-Culloch*, 35 Cal.App.2d 442 [95 P.2d 950] is in point. It is there held that where the property owner and the owners of near-by property actually appeared at the meeting, the owner is not in a position to question the sufficiency of the notice. It is further held that the granting or refusing of a zone variance involved no detriment to the properties of other owners in the vicinity, and that therefore the petitioner may not invalidate the proceedings on such ground. (See also *De Luca* v. *Board of Supervisors*, 134 Cal.App.2d 606 [286 P.2d 395].)

The appellant challenges the sufficiency of the evidence before the council to justify the action denying the variance, claiming that therefore the action was without proper factual support. A complete answer to this question is that it appears from the record that pursuant to notice given, a hearing was had, evidence was received and all interested parties were permitted to give to the council their reasons for or against the proposed variance.

It must be borne in mind that in a mandamus proceeding the court has no power to determine in what manner the city council should have exercised its discretion. Although the court may compel such body or board to act upon the matter and may, by mandamus, compel the taking of action where the undisputed facts are that all necessary requirements have been met and there remains but the ministerial act of making an order, still the court may not direct the manner in which the discretion of the board is to be exercised.

With regard to a zoning variance, these questions have been completely set at rest in *Rubin* v. *Board of Directors of the City of Pasadena*, 16 Cal.2d 119 [104 P.2d 1041]. In that case the distinction was pointed out between the enactment of a zoning ordinance or an amendment thereof, and a proceed-

ing for a variance. It is held that the granting of an application for variance is a matter of grace and not a matter of right, and that therefore the granting or refusal is fully within the discretion of the council or board, and that its decision is not reviewable by the courts unless there be illegality in the proceedings. In *Flagstad* v. *City of San Mateo,* 156 Cal.App. 2d 138 [31 P.2d 825], it is held that there is no vested right involved in the granting or refusal of a zone variance, and that an order with respect thereto may not be challenged except for fraud or abuse of discretion. (See also *Steiger* v. *Board of Supervisors,* 143 Cal.App.2d 352 [300 P.2d 210] ; *Hadden Inc.* v. *City of Inglewood,* 101 Cal.App.2d 47 [224 P.2d 913].)

Appellant places great reliance upon *Desert Turf Club* v. *Board of Supervisors,* 141 Cal.App.2d 446 [296 P.2d 882] ; and *Saks & Co.* v. *City of Beverly Hills,* 107 Cal.App.2d 260 [237 P.2d 32]. Neither of these cases support appellant's position. In the Desert Turf Club case it appeared that the requested order was denied solely upon the ground that the board felt that it was contrary to public policy to permit horse racing in the county. It was held that in view of the fact that the public policy of the State of California, with regard to horse racing, had been established by the Legislature, the supervisors had no power to adopt a contrary policy. The matter was accordingly remanded back to the supervisors with directions to pass upon the merits of the application.

In the Saks and Company case there was involved a situation where a variance had been granted and by a subsequent ordinance the city council undertook to vacate the variance thus granted. It was found that the proceedings were invalid for lack of compliance with the necessary procedure; and that the trial court properly considered the merits of the application upon allegations and proof of arbitrary and fraudulent action on the part of the council.

The record in this case furnishes no support for any contention that there was any fraudulent action, and appellant's contention with regard to the merits of the proceeding amounts to no more than a challenge of the weight of the evidence upon which the council acted. Under these circumstances, the remedy by way of mandamus is not available.

From a review of the entire record it appears that the controversy grows out of the policy of the council with regard to the Disneyland installation and the surrounding neighborhood. Apparently, the council concluded that it was beneficial

to the city and the neighborhood to confine, if possible, the businesses in the neighborhood of Disneyland to the type of business which served tourists, people on vacation and those attracted to the vicinity by Disneyland. The surrounding area was therefore by ordinance zoned as residential and agriculture and the type of business installations permitted was governed by the issuance or denial of zone variances. There is indication that the action of the board in the instant case was the result of that policy.

Applying the rules laid down in the cited cases, however, it becomes apparent that this question is not one involving the validity of the action of the council upon the variance but is one as to the validity of the zoning ordinance itself insofar as it affects the property in question. That is not in issue under the pleadings and would not be a proper matter to be decided in a proceeding of this character. ■ The petitioner is not, however, without remedy for the reason that, as held in *Metcalf* v. *County of Los Angeles,* 24 Cal.2d 267 [148 P.2d 645], the pursual of the administrative remedies by way of applying for a zone variance did not waive the right of the property owner to thereafter challenge the validity of the ordinance insofar as it affects his property.

■ The appellant complains of the ruling of the trial court in permitting the respondent councilmen to testify with respect to their good faith. It is contended that the issue was immaterial under the pleadings and that evidence should not have been received. It is, of course, a fact that one of the reasons for the rules heretofore referred to is that the good faith of the city council is presumed, and the additional evidence, although not strictly material to the issues as framed, has no bearing on the ultimate result. The fact is that this evidence has at least some bearing upon the proposition that there was involved an actual exercise of discretion.

■ Objection was further made that the court erred in permitting the witness Guthery to answer a "hypothetical question" in that he was not a skilled witness. The question was: "Mr. Guthery, assuming that the date of July 16, 1957, is the date of the public hearing held by the city council in this proceeding, will you tell us whether or not you posted the property with notices, which you have described, not less than 10 days prior to that date?" This is not a hypothetical question and calls for no expert opinion. It merely calls for

the recollection of the witness as to the time he did an act which in his testimony he described in detail.

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.