*138
 
 MONROE, J. pro tem.
 
 *
 

 The petitioning corporation acquired a building site within the corporate limits of the city of Garden Grove, a municipal corporation of the sixth class. The lot is within an area zoned as “R-l” under the zoning ordinances of the city. Under the ordinances it may be improved by the erection of a single-family dwelling only, unless there be granted a permit for a conditional use or a zone variance. Pursuant to the procedural provisions of the zoning ordinance, the petitioning corporation made application to the planning commission of the city for the issuance of a conditional use permit in order that it might erect a church. The planning commission held a number of hearings, as required by the ordinance, and after consideration voted to deny the application. The petitioning corporation thereupon filed its appeal to the city council and after hearings, the city council likewise denied the application. The reasons for the denial of application were stated as follows:
 

 1. That the application contains 14 substandard parking spaces and that this same finding was made by the planning commission.
 

 2. That the driveways, providing access to the parking area, are substandard and that this finding was made by the planning commission.
 

 3. That the building should be set back at least forty feet from the ultimate property line.
 

 4. That the granting of this conditional use permit would create a traffic hazard in the neighborhood.
 

 5. That the granting of this conditional use permit would have a tendency to devalue the residential character of the neighborhood.
 

 6. That the granting of this conditional use permit would not be good overall planning.
 

 Petitioner brought this proceeding for a writ of mandate to compel the issuance of a conditional use permit in accordance with its application. Answer was filed and, after trial, the superior court made its findings to the effect that the petitioner had been granted a fair hearing, both by the planning commission and the city council, that evidence was received and considered, and that the denial of the application for conditional use permit was as the result of a fair consideration of all of the facts and evidence. The trial court eon-
 
 *139
 
 eluded that the city council had exclusive jurisdiction to determine the question and that its exercise thereof could not be controlled by a writ of mandate. The petition was thereupon denied and this appeal followed.
 

 A careful consideration of the entire record reveals no indication that either the city council or the planning commission acted other than in the exercise of its discretion. There is nothing to indicate that the denial of the application was the result of any prejudice or corrupt motive, and therefore "the question resolves itself into one of whether in view of all the facts involved, a mandate should properly issue.
 

 The appellant contends that it complied with each and all of the requirements of the ordinance necessary to establish its right to a variance and claims that, as a result thereof, there remained no room for the exercise of discretion and that therefore the remedy by way of mandamus is proper. It is further contended that the provisions of the ordinance with respect to provisions for offstreet parking and driveways and setbacks are unconstitutional and void in that such requirements deny and abridge the rights of the congregation of freedom of worship and assembly contrary to the First and Fourteenth Amendments of the Constitution of the United States and to the Constitution of California.
 

 As the theory of municipal zoning developed and ordinances therefor were adopted by the various municipalities, it became inevitable that sooner or later there would arise questions relative to the right of congregations to build churches upon property owned by them within the cities. The courts of some of the states have been most reluctant to concede that city planning commissions or councils have the discretionary right to determine whether churches might or might not be erected within residential districts. We need not be concerned, however, with the decisions of other states for the reason that this question has been set at rest in the state of California. In
 
 Corporation of the Presiding Bishop
 
 v.
 
 City of Porterville,
 
 90 Cal.App.2d 656 [203 P.2d 823], the question was squarely presented. It was claimed that a similar restriction by zoning ordinance was unconstitutional and void in that it abridged the freedom of assembly and worship and that therefore mandate should issue to compel the granting of permit for construction of a church. The court held that there was not involved any question of interference with or prohibition of the right of religious worship and that it was entirely lawful
 
 *140
 
 to regulate the use of property within the municipality and to zone against erection of churches in a residence district just as it was within the power of the municipality to zone against any other type of structure. This decision was followed by
 
 Minney
 
 v.
 
 City of Azusa,
 
 164 Cal.App.2d 12 [330 P.2d 255], and
 
 City of Chico
 
 v.
 
 First Avenue Baptist Church,
 
 108 Cal.App.2d 297 [238 P.2d 587].
 

 The Supreme Court approved the ruling of the Porterville case in
 
 Roman Catholic Welfare Corporation
 
 v.
 
 City of Piedmont,
 
 45 Cal.2d 325 [289 P.2d 438], In that action a different question was involved. The petitioner sought a building permit to permit the construction of a private school, and that permit was refused upon the ground that the area was zoned against private schools although permitting public schools. The petitioner then applied for a writ of mandamus to compel the issuance of the building permit upon the ground that it had complied with all of the requirements for the issuance of such permit and that the zoning ordinance itself was arbitrary, unreasonable and void insofar as it discriminated against the petitioner and a private school to be erected upon its property while permitting other schools in the same area. It was held that mandamus was a proper remedy and a writ was granted.
 

 In this connection there is to be noted the distinction between a proceeding which directly attacks the validity or reasonableness of a zoning ordinance such as in the Piedmont ease, or in a case where it be attacked in an action for declaratory judgment, and a proceeding such as the instant case where petitioner seeks to compel the issuance of a conditional use permit as provided by the terms of the ordinance. It being held that a use of property for church purposes may be regulated by zoning ordinances, we are brought to a consideration of the general rules laid down by the courts of California in that regard.
 

 In
 
 Rubin
 
 v.
 
 Board of Directors,
 
 16 Cal.2d 119 [104 P.2d 1041], it is held that an application for a zone variance does not involve a matter of right but becomes a matter of grace and permission, and that therefore the action of the board upon such application may not be controlled by mandamus. See also
 
 Steiger
 
 v.
 
 Board of Supervisors,
 
 143 Cal. App.2d 352 [300 P.2d 210], and
 
 Flagstad
 
 v.
 
 City of San Mateo,
 
 156 Cal.App.2d 138 [318 P.2d 825]. In the ease last cited, it is held that the action of the board in grant
 
 *141
 
 ing or denying a variance can be attacked only upon a clear showing of abuse of discretion.
 

 This court has had occasion to review all of these cases in
 
 Tustin Heights Association
 
 v.
 
 Board of Supervisors,
 
 170 Cal. App.2d 619 [339 P.2d 914]. In this decision the validity of zoning ordinances which prohibit the erection of churches in certain localities is upheld. Objection was made with reference to the provision for conditional use permits or zoning variances upon the ground that the requirements therefor were not sufficiently definite to set forth a clear and distinct test by which it could be determined whether an application therefor should be granted as a matter of right. It was held that the language of that ordinance was sufficiently broad to vest in the board the broad discretion of determining whether such proposed deviation from zoning ordinances was in conformity with the over-all plan of zoning in the area. It was held that, pursuant to the opinion of the Supreme Court in
 
 RuMn
 
 v.
 
 Board of Directors, supra,
 
 the granting or refusal of an application for such change involved a dispensation of grace and was not a matter of right, and that it was therefore proper to provide in the ordinance that the board might exercise its discretion in such broad manner. A hearing was denied by the Supreme Court.
 

 The appellant herein has laid great stress upon the decision in
 
 Redwood City Company
 
 v.
 
 City of Menlo Park,
 
 167 Cal. App.2d 686 [335 P.2d 195]. In that decision it was held that mandamus was a proper remedy and that a mandate should issue to compel the granting of a conditional use permit to permit the erection of a church in an area zoned for residential purposes. It developed, however, that the ordinance involved in that case provided for the granting of a conditional use permit for the purpose of erecting a church, provided that certain provisions for offstreet parking of automobiles be complied with. It was further held that in connection with its application the petitioner had strictly complied with all of the requirements laid down by the ordinance for the issuance of such writ and that therefore, in passing upon the application, the city council was not acting as a matter of discretion and, all necessary requirements having been established, mandamus was proper to compel the action to which the petitioner had established a right. As we view the decision in that ease, it goes no farther than as above stated.
 
 *142
 
 We feel, therefore, that it is in no wise in conflict with the decisions to which we have heretofore referred.
 

 With reference to conditional nse permits, the ordinance in question provides therefor and specifically provides that such permits may issue for churches. The ordinance recites: “The purpose of re-use shall not be unreasonably incompatible with type of use permitted in surrounding area and for the further purpose of stimulating such conditions as may reasonably assure that the basic purpose of this ordinance shall be served. Factors to be considered are (1) damage or nuisance from noise, smoke, odor, dust, vibration, etc., (2) hazard from explosion, contamination or fire, (3) hazard occasioned by unusual volume or character of traffic or the congregating of a large number of people or vehicles.”
 

 It is further provided: ‘1 The purpose of a Conditional Use Permit shall be: (1) To assure that the degree of compatibility made the purpose of this ordinance shall be maintained with respect to the particular use on the particular site and in consideration of other existing and potential uses and improvements within the general area in which such use is proposed to be located; and (2) to recognize and compensate for variations and degree of technological processes and equipment as related to the factors of noise, smoke, dust, fumes, vibrations, odors and hazards.”
 

 It is to be noted that it was found by the city council that the plan did not comply with the requirements of the ordinance as to the offstreet parking and spaces provided therein for the parking of automobiles, and that it further found that the driveways providing access to the parking area were substandard. The appellant contends that under the Menlo Park case no discretion is involved in this regard. It is to be noted that in the Menlo Park case it was expressly found by the court that the express requirements relative to parking space had been complied with. Obviously a determination of whether applicant had or had not complied with the requirements of the ordinance or whether there was a substantial requirement therewith is a matter addressed to the planning commission and to the city council. They having determined these questions adversely to the applicant and there being evidence offered both ways, it is a matter the determination of which is within their discretion.
 

 The greater portion of the appellant’s argument, however, is devoted to a discussion of the constitutionality of the
 
 *143
 
 ordinance and of the various provisions for parking and for driveways as interfering with the free rights of religious worship. Such argument is directed to the validity of the ordinance itself, nor can this fact be changed because it is directed to various sections of the ordinance. As was held in
 
 Hadden, Inc.
 
 v.
 
 City of Inglewood,
 
 101 Cal.App.2d 47 [224 P.2d 913], and in
 
 Rubin
 
 v.
 
 Board of Directors, supra,
 
 the validity of the ordinance itself is not involved in this type of proceeding. The applicant having applied for relief under the terms of the ordinance is not in position in that proceeding to question the constitutionality of the ordinance itself. If the terms of the ordinance are such that in its application to the property of the complaining party it operates in an unfair, unjust or unreasonable manner or results in improper discrimination between property owners, then in a proper proceeding the property owner may question the validity of the ordinance itself insofar as it affects his property. But as stated in the Rubin ease, he may not do it in an action of this character.
 

 This does not mean, however, that because an applicant proceeds as did this applicant, in an orderly manner under the statute and exhausts his remedy to secure a zone variance or a conditional use permit, that he has thereby waived his rights to object to the validity of the ordinance as affecting his property. After having exhausted his administrative remedies he may then, if he so desires, attack the validity of the ordinance as unreasonable or discriminatory insofar as it affects and applies to his property by an independent action for that purpose. (See
 
 Rubin
 
 v.
 
 Board of Directors,
 
 16 Cal.2d 119, 126 [104 P.2d 1041], and cases there cited.)
 

 Appellant urges upon the court the fact that churches and establishments for religious worship are favored by the law and that they are not to be considered as objectionable. This court is entirely in accord with those principles. They are, however, factors that should be, and presumably were, taken into consideration by the planning commission and the city council in passing upon whether the proposed amendment was comp atable with the over-all scheme of zoning and planning of the city. It is further urged that in the area in which appellant’s lot is located there are a number of churches and that in the immediate vicinity is a school and an athletic field. These elements, likewise, are those which should be considered in connection with whether the application should
 
 *144
 
 or should not be granted. They are also elements proper to be considered in an appropriate action to determine whether the ordinance itself contains arbitrary, unreasonable or discriminatory provisions as applied to appellant’s property. These, however, are considerations which are not before us in a proceeding for a writ of mandamus where the court is bound by the limitation that the writ will not issue to compel the manner in which a board or council Avill exercise its discretion. The superior court was therefore correct in holding that the writ be denied. Judgment affirmed.
 

 Griffin, P. J., and Mussell, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied February 3, 1960. Peters, J., was of the opinion that the petition should be granted.
 

 *
 

 Assigned by Chairman of Judicial Council.