[Civ. No. 6783.    Fourth Dist.    Feb. 6, 1963.]

H. W. ROHL COMPANY, Plaintiff and Appellant, v. COUNTY OF SAN DIEGO et al., Defendants and Respondents.

Sullivan, Sullivan & Fox, Edmond M. Sullivan and Glenn R. Feist for Plaintiff and Appellant.

Henry A. Dietz, County Counsel, David B. Walker and Fredric G. Dunn, Deputy County Counsel, for Defendants and Respondents.

MONROE, J. pro tem.*—By the provisions of ordinance Number 2020 (N.S.) it is provided that the use of real estate in the unincorporated area of San Diego County for the purpose of quarrying rock, sand and gravel, and for the operation of a rock crushing and processing plant is prohibited unless a use permit has been granted by the board of supervisors. The plaintiff corporation made application for such permit in order to establish that type of business upon a tract of real estate in an unincorporated and unzoned area of the county. In accordance with the provisions of the ordinance a hearing of said application, upon notice, was had before the planning commission and recommendation was made that the permit be granted upon conditions. By the terms of the ordinance the board of supervisors shall either grant or refuse a permit in accordance with the recommendation of the planning commission or it may order a hearing de novo and make its own determination. Pursuant thereto, the board ordered a hearing de novo; notice was given and evidence heard for and against the application and the application was denied. Thereupon plaintiff commenced this action.

Plaintiff's amended complaint upon which it proceeded to trial was in two causes of action. In the first cause of action plaintiff sought a declaratory judgment holding the county ordinance invalid and unconstitutional and sought an injunction against enforcement. By the second cause of action plaintiff sought a writ of mandate for the purpose of review-

*Assigned by Chairman of Judicial Council.

ing the action of the board of supervisors and for a mandatory order requiring issuance of the permit.

A demurrer was filed to the first cause of action and was overruled and answers were filed to both causes of action. At the trial the court sustained an objection to the introduction of evidence in support of the first cause of action. The case proceeded to trial upon the second cause of action for a writ of mandate. The trial court reviewed the record of the proceedings before the board of supervisors and held that there was no abuse of discretion and that the evidence before the board amply supported its order denying the application for permit. The plaintiff appealed.

The grounds for reversal urged by the plaintiff and appellant have to do largely with the alleged unreasonableness and invalidity of the ordinance. Although it is urged that the board of supervisors abused its discretion in denying the issuance of a use permit, nevertheless the real argument made in support of that claim is that the land for which appellant sought the permit is of such character and is so far removed from habitations that an ordinance by which the board is entitled to prevent its use for a lawful business is entirely unreasonable and should not be enforced.

At the trial it was urged on behalf of the defendants that an action for declaratory relief, although generally a proper action to test the validity of an ordinance, was not available in this proceeding, for the reason that parties seeking a review of an order made pursuant to the ordinance could not in the same proceeding dispute the validity of that ordinance. Defendants relied upon *Fascination, Inc.* v. *Hoover*, 39 Cal.2d 260 [246 P.2d 656], and the many cases cited in that opinion, to the effect that a person complaining of an order by an administrative body must first exhaust his administrative remedy before he is in a position to challenge the validity of the ordinance. The rule thus stated has long been recognized in California and is supported by reason. Where a property owner seeks a review of an administrative order, such as a refusal to grant a use permit or refusal to grant a zoning variance, he is in effect seeking relief pursuant to the statute under which his application was made. There is sound reason, therefore, to hold that he may not seek such relief and at the same time be heard to contend that the statute in question is invalid. There is no question that by the terms of Code of Civil Procedure section 1094.5, mandamus is the proper remedy to review the proceedings of the board.

The plaintiff and appellant places great reliance upon *Floresta, Inc.*, v. *City Council,* 190 Cal.App.2d 599 [12 Cal.Rptr. 182], decided by Division One of the first District Court of Appeal in March 1961. In that action the plaintiff and appellant had sought a zoning variance in order that it could operate a cocktail lounge in an area where, by the zoning ordinance, such use was prohibited. Upon denial of the application it commenced an action. In that action, as in the instant case, it sought in one count to review by mandamus the action of the city council and in another count sought a declaratory judgment holding the zoning ordinance invalid. The trial court upheld the action of the city council and further held that the ordinance was valid. Upon appeal the judgment of the trial court was affirmed. In substance the court held that mandamus was the correct procedure to review the action of the council, that declaratory relief was proper to test the validity of the ordinance, and that it was proper to join the two causes of action. We have carefully studied this opinion and do not feel that it is controlling. We are forced to this conclusion because it appears to be directly contrary to the decisions of the Supreme Court of California in other cases and there is no attempt to distinguish or overrule them. In view of the fact that the court in that case was affirming the judgment of the lower court upon both causes of action, it would have served no useful purpose to require the trial court to retry the causes of action separately. For all practical purposes, therefore, it appears that the discussion with reference to the joining of the two causes of action is largely dictum.

The correct rule appears to be that in a situation such as that here involved, the land owner should first make application for relief by way of use permit or zone variance as the case may be, and exhaust his administrative remedy in that regard. Having done so, he may then proceed by an appropriate action to test the validity of the ordinance insofar as it affects his property. In *Rubin* v. *Board of Directors,* 16 Cal.2d 119, 126 [104 P.2d 1041], the court said,

"But the finality of the board of directors' determination does not bar the respondents from asserting in a judicial proceeding that the zoning law is unconstitutional as applied to their property. [Citations.] And although the same type of evidence may be used in that proceeding as was presented to the zoning committee and board of directors in support of

the application to secure the variance, the issues are not the same and its denial is not *res judicata* upon the constitutional question.''

The matter was again carefully considered by the Supreme Court in *Metcalf* v. *County of Los Angeles,* 24 Cal.2d 267 [148 P.2d 645]. This case had to do with the attempt on the part of the plaintiff to establish a rock crushing plant. It was there held that before the validity of the ordinance could be attacked, the party making an application must first invoke and exhaust the administrative remedies provided by the ordinance in question. It was further held that having so invoked the remedy and having failed to secure the exception sought, such property owner was not barred from thereafter in an appropriate proceeding testing the validity of the ordinance insofar as it affected his property.

This court has heretofore had occasion to call attention to and follow the rule thus referred to. (*Phil Anthony Homes, Inc.* v. *City of Anaheim,* 175 Cal.App.2d 268 [346 P.2d 231]; *Garden Grove Congregation* v. *City of Garden Grove,* 176 Cal.App.2d 136 [1 Cal.Rptr. 65].) In several more recent actions the court has had occasion to rely upon the same rule.

■ This court is satisfied, therefore, that the correct rule is that the petition for a writ of mandate for the purpose of reviewing the action of the administrative body should first be brought to a conclusion. Thereafter the property owner, having exhausted his administrative remedy, is at liberty to pursue his individual remedy, by way of the declaratory relief or otherwise, for the purpose of determining the validity of the ordinance in question insofar as it affects his property. The denial of the writ of mandate and the finding of the trial court that the order of the administrative body was supported by sufficient evidence is not and should not be an adjudication with reference to the validity of the ordinance.

■ With reference to the question of whether the board of supervisors abused its discretion in denying the permit, the record shows that the trial court examined the transcript of that proceeding, found that from the evidence, for and against the granting of the permit, the order was supported by the evidence and that there was no abuse of discretion. The appellant does not point out anything in the record to demonstrate any insufficiency of the evidence. Upon the record before us, therefore, we are compelled to hold that the judgment of the trial court upon the second cause of action should be affirmed.

As has been pointed out, the judgment in this proceeding should not constitute any adjudication as to the merits in case a subsequent proceeding is brought to test the validity of the county ordinance. The language of the findings of fact and conclusions of law and of the judgment herein, probably as a result of inadvertence, is such that it might be construed as an adjudication upon the merits of the first cause of action in plaintiff's amended complaint. In order, therefore, that the finding and judgment be in accord with this opinion it is ordered that they be modified in the following particulars:

Conclusions of law number one and number eight should be stricken and in lieu thereof the following conclusion of law substituted:

"1. Because a property owner seeking relief from an administrative order must first exhaust his administrative remedies, the plaintiff may not, in this action, seek, by declaratory relief or otherwise, a determination of the validity of Ordinance No. 2020 (N.S.) of the San Diego Code."

From the judgment, the following paragraph shall be stricken:

"It is hereby ordered, adjudged and decreed that judgment be entered for defendants on plaintiff H. W. Rohl Company's cause of action for declaratory relief and that plaintiff H. W. Rohl Company's application for writ of mandate be, and hereby is, denied."

In lieu thereof, the following provision shall be substituted:

"It is hereby ordered, adjudged and decreed that plaintiff's first cause of action for declaratory relief be and the same is hereby denied, without prejudice, however, to the right of plaintiff hereafter in an appropriate action for declaratory relief or otherwise, to test the validity of said Ordinance No. 2020 (N.S.), San Diego County Code, insofar as it affects the property described in plaintiff's amended complaint.

"It is further ordered, adjudged and decreed that the application of plaintiff H. W. Rohl Company for a writ of mandate be, and the same is hereby denied."

As so modified, the judgment is affirmed.

Pursuant to the provisions of rule 26 (a), California Rules of Court,* the court finds that in furtherance of justice each party should pay its own costs on appeal.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied February 25, 1963.

---

*Formerly Rules on Appeal, rule 26(a).