**STATE ex rel. Jon Bradly SEIGH and Daniel Henry Quartemont, Appellants,**

v.

**Honorable R. S. McFARLAND, Respondent.**

No. 59010.

Supreme Court of Missouri, En Banc.

Feb. 9, 1976.

---

Keith Brown, Russell & Brown, Nevada, for appellants.

Preston Dean, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., for respondent.

FINCH, Judge.

This is an appeal from the denial by the circuit court of appellants' request for a writ of mandamus to compel a magistrate judge to quash an arrest warrant previously issued by the clerk of his court. An appeal was taken to the Missouri Court of Appeals, Kansas City District, which adopted an opinion reversing the judgment of the trial court with directions to enter judgment granting a peremptory writ of mandamus in accordance with the prayer in the petition. Thereupon, on the basis of the general interest in and importance of the case, plus the fact that it involved the validity of Rule 21.08, the court of appeals transferred the case to this court pursuant to Art. V, § 10, Mo.Const. We now decide it as though here on direct appeal. We affirm.

On August 1, 1973, the prosecuting attorney of Vernon County filed a complaint in the magistrate court charging appellants herein with unlawfully possessing seven pounds of marijuana. The complaint, which was verified on information and belief, stated as follows:

"The undersigned, Prosecuting Attorney within and for the County of Vernon in the State of Missouri, upon his official oath and upon his oath hereto appended, deposes and states that at the County of Vernon in the State of Missouri, heretofore, to-wit upon the 31st day of July, 1973, one Jon Bradly Seigh and Daniel Henry Quartemont did then and there

willfully, unlawfully and feloniously have in his possession certain narcotics to-wit: approximately seven (7) one pound bags of cannabus sativa, commonly known as marijuana.

contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Missouri."

A preliminary hearing was held on August 7, 1973, before Honorable R. S. McFarland, judge of the magistrate court and respondent herein, at the conclusion of which respondent found no probable cause to bind appellants over for trial in the circuit court and ordered them discharged.

A few minutes later, the prosecuting attorney filed in the magistrate court a new complaint against appellants, the allegations in which were identical to those on which the preliminary hearing had been held. On the basis of this verified complaint, the clerk of the magistrate court, acting pursuant to Rule 21.08,[1] issued an arrest warrant and appellants were rearrested. Appellants then filed a motion to quash the arrest warrant and for discharge from custody. It asserted that the warrant was issued without probable cause, the magistrate having found immediately prior to its filing that no probable cause existed for trial of appellants on an identical charge. In addition, the motion alleged that issuance of the arrest warrant under those circumstances violated rights of appellants under the fourth and fourteenth amendments to the Constitution of the United States. This motion to quash was overruled.

Thereupon, on August 10, 1973, appellants filed in the circuit court a petition wherein they sought a peremptory writ of mandamus compelling the magistrate

---

1. All references to rules are to Supreme Court Rules, V.A.M.R.

(McFarland) to quash the warrant for their arrest, to dismiss the complaint pending against them, and to order their immediate discharge. An alternative writ of mandamus was issued, in response to which respondent appeared. The matter was then heard by the circuit judge, after which he denied appellants' request for a peremptory writ of mandamus. This appeal followed.

Appellants' petition for writ of mandamus alleged that said arrest warrant was issued wrongfully and that the magistrate judge "is charged with the legal duty of quashing said warrant and dismissing the complaint upon which it was based." This is true, say appellants, for two reasons. In the first place, the complaint did not contain facts sufficient to create an independent belief by respondent that there was probable cause that appellants committed the act charged and consequently, the warrant issued violated rights of appellants under the fourth and fourteenth amendments to the Constitution of the United States. Secondly, a preliminary hearing had just been held by the magistrate on an identical complaint, at the conclusion of which he found lack of probable cause to bind appellants over for trial in the circuit court. It follows, they argue, that no probable cause for issuing a new arrest warrant existed.

As previously noted, the arrest warrant under attack was issued pursuant to Rule 21.08. That rule directs a magistrate, or the clerk of his court, to issue an arrest warrant when a prosecuting attorney files a complaint, verified on information and belief, which charges that a felony has been committed by a named accused.[2] When, in spite of the existence of that rule, the motion to quash states that the magistrate had a clear legal duty to quash the warrant on the basis that it violated appellants' constitutional rights, it necessarily is saying that Rule 21.08 is unconstitutional and should not be followed.

At the outset, we are presented with and must resolve the threshold question of whether mandamus is an appropriate remedy in this situation. We conclude that it is not.

The nature of the writ of mandamus and the scope of its use is reviewed and discussed in MoBar CLE, Missouri Appellate Practice and Extraordinary Remedies (Second Edition), Chapter 8 (1974). As there noted, the courts of Missouri, in cases cited in § 8.3, have held that mandamus issues only to enforce performance of acts which the party commanded has a clear legal duty to perform. This obligation is referred to in some of the cases by the descriptive tag of "ministerial duty". Apropros the nature of such duty, § 8.10 of the foregoing MoBar CLE publication appropriately states: "Whether it is claimed that the right to the act to be required by the writ of mandamus is required by court decision or statutory law, it is essential that the right to the action requested has already been established."

In the instant case, the magistrate and his clerk were directed by Rule 21.08 of the Rules of Practice and Procedure promulgated by this court pursuant to Art. V, § 5, Mo.Const., to issue the arrest warrant in

2. The complete text of Rule 21.08 is as follows:

"Whenever complaint shall be made in writing, verified by oath or affirmation (including an oath or affirmation on information and belief by a prosecuting attorney) and filed in any court having original jurisdiction to try criminal offenses, charging that a felony has been committed by a named accused, or if his name is unknown, by any name or description from which he can be identified with reasonable certainty, it shall be the duty of the judge or magistrate thereof, and, upon complaint made by the prosecuting attorney, it shall also be the duty of the clerk thereof to issue a warrant reciting the accusations and commanding the officer to whom it shall be directed forthwith to take the accused and bring him before such judge or magistrate to be dealt with according to law. If such warrant is issued under the hand of the judge or magistrate, it need not be sealed but if it is issued under the hand of the clerk of the court, the seal of the court shall be attached thereto."

question. This being true, we conclude that it cannot be said that the magistrate was under a clear legal duty to determine that said rule was unconstitutional and that on such basis the arrest warrant would be quashed. We find no case in Missouri which has addressed the question of whether mandamus lies to compel such action by the magistrate, but we do find cases from other jurisdictions which use language that is pertinent. For example, in *State ex rel. Port Royal Mining Co. v. Hagood,* 30 S.C. 519, 9 S.E. 686 (1889), the court said at 688:

"It is insisted, however, that if this be the proper construction of the act of 1884 it is void under the constitution of the state, and affords no justification for the respondents in refusing the license, for the reason that it was a delegation of legislative powers to the board of agriculture. We have just seen that *mandamus* only lies for the enforcement of a plain ministerial duty; but it is not obvious how that can be a plain duty which is only made to appear by declaring an act of the legislature unconstitutional."

In the *Port Royal* case, the court was considering what an administrative agency rather than a magistrate should have done, but the principle announced with reference to the scope of mandamus is relevant to the issue we consider. See also *Hadden, Inc. v. City of Inglewood,* 101 Cal.App.2d 47, 224 P.2d 913 (1950); *State ex rel. McCoy v. Bell,* 91 So.2d 193 (Fla. banc 1956); *State ex rel. Hutton v. City of Baton Rouge,* 217 La. 857, 47 So.2d 665 (1950); *Whigham v. State,* 39 Ohio App. 163, 177 N.E. 229 (1931).

In 52 Am.Jur.2d, Mandamus, § 95, p. 419, it is stated:

"The view has been taken in some cases that since mandamus lies only to enforce a plain ministerial duty, and that since a plain ministerial duty cannot exist which is made to appear only by declaring a statute unconstitutional, the writ will not issue if it is necessary in order to fix upon the respondent the duty sought to be enforced to declare a statute in conflict with such alleged duty unconstitutional."

In 55 C.J.S. Mandamus § 63a, p. 101, it is stated:

" * * * It has been held that mandamus will lie to control the decision of a purely preliminary question of law, but that it will not lie to determine the validity or constitutionality of an ordinance or statute respecting the duty involved."

We hold that respondent did not have a clear legal obligation to hold Rule 21.08 unconstitutional or to quash the arrest warrant on that basis. Accordingly, mandamus will not lie to require him to take such action. If, in a preliminary hearing on the second complaint filed by the prosecuting attorney, the magistrate binds appellants over for trial in the circuit court,[3] they can preserve the question in the circuit court and on appeal, if convicted.

Judgment affirmed.

All concur.

---

**3.** As previously noted, this did not occur when a preliminary hearing was held on the first complaint. The magistrate ruled at the end of that hearing that the evidence was not sufficient to bind appellants over to the circuit court for trial.