UNITED STATES of America, Plaintiff,

v.

George NAPPER, et al. Defendants,

The Atlanta Journal & the Atlanta Constitution, et al., Intervenors.

No. 1:87–cv–2776–RCF.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 31, 1988.

---

Sharon Douglas Stokes, Office of U.S. Atty., Atlanta, Ga., Jerome L. Epstein, U.S.

Dept. of Justice, Civ. Div., Washington, D.C., for U.S.

Marva Jones Brooks, Office of Atlanta City Atty., Atlanta, Ga., for George Napper & City of Atlanta

Terrence B. Adamson, James Alexander Demetry, Peter Crane Canfield, Dow Lohnes & Albertson, Atlanta, Ga., for Atlanta Journal, and the Atlanta Constitution, Glenn McCutchen, Georgia Television Co. dba WSB–TV, and David Lippoff.

## ORDER

RICHARD C. FREEMAN, District Judge.

This action is before the court on plaintiff's motion for summary judgment and on intervenor's motion to dismiss.

The material facts in the case are not in dispute. Between 1979 and 1981, the Federal Bureau of Investigation (FBI) assisted state and local law enforcement agencies in the investigation of the "Atlanta Child Murder Cases." During this time the FBI provided the City of Atlanta Police Department with documentary information that related to the investigation. Most of the documents provided to the City police contained the following declaration:

> This document contains neither recommendations nor conclusions of the F.B.I. It is the property of the F.B.I. and is loaned to your agency; it and its contents are not to be distributed outside your agency.

In January 1987, several members of the media, including intervenors in the present case, sued the City under state law to obtain access to some of the files generated during the Atlanta Child Murder investigation. *Georgia Television Co. v. Napper*, No. D–40209 (Super.Ct. Fulton Cty. filed Jan. 15, 1987). As a result of that action, the City was required to release to the media plaintiffs many of the Atlanta Child Murder investigative files. *See Napper v. Georgia Television Co.*, 257 Ga. 156, 356 S.E.2d 640 (1987). After releasing the files

to the media, the City placed the documents in the City's public reading room. Many of the files released contained documents that the FBI had developed and had given to the Atlanta police.

In August 1987, the Atlanta *Journal and Constitution* began to run a series of articles about the Atlanta Child Murders investigation. Through this series of articles plaintiff United States learned that some of its documents had been released to the media and the public.[1] Plaintiff then filed a motion to intervene in the state court action. The media plaintiffs voiced strong opposition to the intervention of the United States, and the motion to intervene was denied. In November 1987, plaintiff formally requested the return of its documents from the City and from the media. After the City and the Atlanta papers refused to return the documents, plaintiff instituted the present suit.

Plaintiff contends that many of the released documents are FBI documents that were loaned to the City pursuant to a sharing policy that has been in existence throughout the history of the FBI. Plaintiff further contends that the FBI documents would be exempt from disclosure under Freedom of Information Act (FOIA) exemption 7D, 5 U.S.C. § 552(b)(7)(D). Plaintiff objects to the continued disclosure of the FBI documents and, by this suit, seeks their return.

Intervenors contend that the action must be dismissed because no case or controversy exists. *See* U.S. Const. art. III. Intervenors assert that plaintiff and defendants desire the same result—prevention of disclosure of the documents. Plaintiff admits that it is seeking to prevent further dissemination of documents it considers confidential. The court takes judicial notice of the state court litigation in which defendants fought long and hard to prevent dissemination of the same documents. Thus, the court agrees that at first blush, it appears that the present suit is a friendly one.

---

**1.** Intervenors contend that plaintiff should have known prior to August 1987 that FBI documents were the subject of the state court action.

A dispute, however, exists over ownership and possession of the documents because defendants refuse to return the documents that plaintiff claims. The court believes that this dispute over ownership and possession of the documents satisfies the requirement of a case or controversy. In *Kentucky v. Indiana*, 281 U.S. 163, 50 S.Ct. 275, 74 L.Ed. 784 (1930), the Supreme Court held that a case or controversy existed when both Kentucky and Indiana agreed that a contract between them was valid, but Indiana refused to comply with the contract while a state court action challenging the contract was pending. The instant case demands the same result. Regardless of the motivation of defendants in refusing to return documents, a valid case or controversy exists.

■ Intervenors also contend that plaintiff has no standing to bring suit. The court disagrees. Plaintiff claims to be the owner of the documents in question and seeks the physical return of its property. Courts have long recognized the authority of the United States to bring suit to enforce its contractual and property rights. *See United States v. California*, 332 U.S. 19, 67 S.Ct. 1658, 91 L.Ed. 1889 (1946); *Cotton v. United States*, 52 U.S. (11 How.) 229, 231, 13 L.Ed. 675 (1850). The court here is not concerned with whether the investigatory documents should be released to the public. The question before the court is who owns, and is entitled to possession of, the documents. Plaintiff certainly has standing to bring suit to recover property alleged to belong to the United States regardless of a lack of specific statutory authorization for such a suit.

■ Intervenors also contend that plaintiff lacks standing to object to disclosure because disclosure has occurred already. The court is not persuaded that plaintiff cannot retrieve the documents merely because some of the documents have been released to the public. Plaintiff has never waived the confidentiality of the documents and objected consistently in its objections to the disclosure of the documents. Under these circumstances plaintiff may continue to raise its objections to disclosure. *See*

*United States v. Sells Engineering*, 463 U.S. 418, 422, n. 6, 103 S.Ct. 3133, 3137 n. 6, 77 L.Ed.2d 743 (1983) (rejecting contention that case to allow disclosure was moot because disclosure had already occurred); *Lesar v. Department of Justice*, 636 F.2d 472, 491 (D.C.Cir.1980) (agency may still seek to prevent disclosure of confidential documents that have been released through other sources).

■ Intervenors also urge the court to abstain from exercising jurisdiction in this action because of the presence of important state interests. The underlying consideration of abstention is comity between state and federal government. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, ——, 107 S.Ct. 1519, 1525, 95 L.Ed.2d 1 (1987) (quoting *Younger v. Harris*, 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971)). Abstention by a federal court is appropriate when "[s]tate interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Id.* at ——, 107 S.Ct. at 1526. Intervenors argue that a decision favorable to plaintiff will affect negatively the decisions of the state court and will render them null and void. The court, however, views as a more serious consequence that plaintiff has no other forum in which to seek relief.

Plaintiff attempted to intervene in the state court action and was not permitted to do so. Intervenors argue here that intervention was not necessary because defendants in the state court action adequately represented the interests of the United States. The court recognizes, however, that the City and the United States may have had different interests and motivations in opposing disclosure of the files. It is, therefore, not surprising that the City did not adequately represent the interests of the United States in the state court action. Specifically, the City failed to assert the FOIA exemption upon which the United States relies to demonstrate that the documents in question would be exempt from disclosure. In addition, counsel for the City admitted that he did not understand

until August 1987 that FBI documents were not to be released and that he did not have knowledge of the sharing agreement until December 1987. *See* TRO Hearing before Judge Freeman, December 22, 1987 (TRO Hearing), tr. at 23–24.[2] Having failed to assert a critical argument that affects over 2000 pages of documents, the City cannot be said to have provided adequate representation of plaintiff's interests. Because plaintiff claims to own documents in defendants' possession and plaintiff has no other forum in which to claim its interest in the documents, the court finds that abstention is not proper.

■ Finally, intervenors contend that the court lacks subject matter jurisdiction under the so-called *Feldman–Rooker* doctrine. Generally, this doctrine holds that a district court may not review final judgments of a state court because such review is assigned to the Supreme Court pursuant to 28 U.S.C. § 1257. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Reliance on the *Feldman–Rooker* doctrine is inapposite. The doctrine is applicable only when a party to the state court action seeks to appeal a final order of the state court to a district court. *See Feldman,* 460 U.S. at 482, 103 S.Ct. at 1315, *Rooker,* 263 U.S. at 416, 44 S.Ct. at 150. As noted above, plaintiff in this action was not a party to the state court action. Additionally, the state court did not address the question presently before this court—that is, who owns the documents in question and who is entitled to their posssssion. Thus, the court finds that the *Feldman–Rooker* doctrine does not bar the court's consideration of plaintiff's claims.

Having disposed of intervenors' claims regarding jurisdictional issues, the court will address plaintiff's motion for summary judgment.

■ The parties do not dispute that approximately 2300 pages of the released documents were created and maintained by the FBI and were loaned to the City by the FBI. The court finds that these documents belong to plaintiff, regardless of whether they are marked with the non-disclosure provision. These documents were loaned pursuant to a policy that is subject to cancellation if unauthorized dissemination takes place. *See* 28 U.S.C. § 534(b). The City released the documents to the public, in violation of the agreement. Defendants contend that cancellation of the sharing policy and return of the documents is not warranted because defendants' violation of the sharing agreement was not willful, but only in response to court order.

■ The court is sympathetic. to the City's position. Sympathy, however, cannot change the facts. The City is in possession of documents that belong to plaintiff and the City refuses to return those documents. The City has violated the terms of the loan agreement and, therefore, plaintiff is entitled to cancel the agreement and retrieve its documents. With respect to the 35 documents not ruled upon by the state court, the court notes that these documents were returned to the City pending a determination of ownership by this court. To the extent that this order will require the City to violate the state court order, the supremacy clause mandates that this order supersedes any requirements imposed by the state court. *See* U.S. Const. art. VI, cl. 2.

The court notes that it is not ruling upon the merits of plaintiff's contention that the documents would be exempt from mandatory disclosure under FOIA exemption 7D. The court simply holds that the documents in question belong to plaintiff and if intervenors want the documents, they must file an official FOIA request.[3]

---

**2.** Counsel stated, however, that despite the lack of specific knowledge, the City's position in the state court suit was that FBI documents were not to be released. TRO Hearing, tr. at 26.

**3.** The court notes that plaintiff has released approximately 2825 pages of documents relating to the Atlanta Child Murder cases pursuant to FOIA requests filed by *The Washington Post* and WAGA television in Atlanta.

Accordingly, intervenor's motion to dismiss is DENIED. Plaintiff's motion for summary judgment is GRANTED. Defendants are DIRECTED to return to plaintiff within thirty (30) days of the entry of this order the disputed documents.