## KENTUCKY *v.* INDIANA ET AL.

No. 16, Original.   Argued March 3, 4, 1930.—Decided April 14, 1930.

164

Mr. *Clifford E. Smith,* Assistant Attorney General of Kentucky, with whom *Messrs. J. W. Cammack,* Attorney General, and *M. B. Holifield,* Assistant Attorney General, were on the brief, for the Commonwealth of Kentucky.

*Mr. Thomas P. Littlepage* presented the oral argument, and *Messrs. Fred C. Gause, Walter Pritchard, Frank H. Hatfield,* and *Louis L. Roberts,* were on the brief, for the individual defendants.

*Messrs. Arthur L. Gillion,* former Attorney General of Indiana, *James M. Ogden,* Attorney General, and *Connor D. Ross,* Assistant Attorney General, were on the briefs for the State of Indiana.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

In September, 1928, the Commonwealth ·of Kentucky and the State of Indiana, by their respective Highway Commissions, entered into a contract for the building of a bridge across the Ohio River between Evansville, Indiana, and Henderson, Kentucky. The contract was approved by the Governor and, as to legality and form, also by the Attorney General, of each State. The contract recited the acts of Congress and of the state legislatures which were deemed to authorize the enterprise. Acts of Congress of July 11, 1916, 39 Stat. 355; March 2, 1927, 44 Stat. 1337; March 3, 1927, 44 Stat. 1398. Indiana, Act of 1919, Chap. 53; Act of 1927, Chap. 10. Kentucky, Acts of 1928, chapters 172 and 174. The State of Indiana immediately began the performance of the covenants of the contract on its part and, thereupon, nine citizens and taxpayers of Indiana brought suit in the Superior Court of Marion County in that State to enjoin the members of the Highway Commission and other officers of Indiana from carrying out the contract upon the ground that it was unauthorized and void.

The Commonwealth of Kentucky then asked leave to file the bill of complaint in this suit against the State of Indiana and the individuals who were plaintiffs in the suit in the state court, seeking to restrain the breach of the contract and the prosecution of that suit, and for specific performance. In its return to the order to show

cause why this leave should not be granted, the State of Indiana said that it had " no cause to show "; that the State intended ultimately to perform the contract, if performance were permitted or ordered by the courts in which the litigation over the contract was pending, but that it did not intend to do so until after that litigation had finally been disposed of favorably to its performance; that the State of Indiana had entered into the contract by virtue of authority of its own statutes and of the Act of Congress of March 2, 1927; that as there was no court having complete jurisdiction over the parties and subject matter, other than this Court, the State yielded to the jurisdiction of this Court, and that it was in the public interest that an early adjudication be had which would be final and binding upon all parties interested.

Leave being granted, the bill of complaint herein was filed. It set forth the contract and the pertinent statutes, the pendency of the Indiana suit (to which the Commonwealth of Kentucky was not, and could not be made, a party), that the delay in the construction of the bridge would cause irreparable injury to the Commonwealth of Kentucky, and that the complainant had no adequate remedy other than through this suit. The complaint further alleged that the northern approach to the bridge would rest on and extend over Indiana soil and the southern approach would be on Kentucky soil; that the State of Indiana as well as the Commonwealth of Kentucky had full authority to enter into the contract under the state statutes cited, and that the contract was also authorized by the acts of Congress to which reference was made. The complaint was later amended to correct an inaccurate citation.

Separate answers were filed by the State of Indiana and by the individual defendants. The answer of the State of Indiana admitted that the allegations of the complaint were true. The answer then averred:

" The only excuse which the State of Indiana offers for failure to perform the contract set out in plaintiff's complaint is the litigation, mentioned in the complaint, instituted by her above-named co-defendants against the officers of the State of Indiana whose function it is to perform said contract. The resulting delay in performance of said contract is in breach of its terms, which contemplate immediate and continued performance."

After stating that as the validity of the contract had been drawn in question in the litigation in the state court, the State did not feel warranted in proceeding until there was a final adjudication establishing its right to perform, the answer added:

" The State of Indiana believes said contract is valid. If this honorable court shall grant the relief prayed against Indiana by plaintiff Commonwealth of Kentucky in either of its paragraphs of complaint, the State of Indiana will thereupon immediately proceed with the performance of said contract and will continue such performance until the objects of said contract shall have been fully attained as contemplated by the terms thereof."

The individual defendants filed an answer and, at the same time, moved to dismiss the complaint upon the ground that there was no controversy between the two States or between the Commonwealth of Kentucky and the individual defendants; that under Section 265 of the Judicial Code no injunction should be granted staying proceedings in the suit in the state court; that the proceedings involved the interpretation of the statutes and laws of Indiana; that the contract was not binding on the State of Indiana, being made without authority of law; and that the Commonwealth of Kentucky had an adequate remedy at law. The answer of the individual defendants admitted the making of the contract but denied its validity. The parties, pursuant to a stipulation,

moved to submit the case upon the pleadings and briefs, including the separate motion of the individual defendants to dismiss. The motion to submit was denied, the motion to dismiss was postponed, and the case was assigned for oral argument. Later, the Commonwealth of Kentucky moved to strike out the answers and for a decree *pro confesso*.

After hearing argument, the court overruled the motion to dismiss in so far as it questioned the jurisdiction of the court to entertain the bill of complaint and to proceed to a hearing and determination of the merits of the controversy, and directed that all other questions sought to be presented by that motion be reserved for further consideration at the hearing upon the merits.

A statement of facts, to which the complainant, the defendant State and the individual defendants agreed, was then filed. It admitted the allegations of the complaint with respect to the enactment of the various statutes mentioned and the making of the contract. It set forth that the State of Indiana by its Highway Commission and proper officers were " now ready and anxious to perform said contract," but would not do so until there was a final adjudication by the Supreme Court of Indiana or by this Court; that it was of great interest and concern to both States that the litigation should be determined as early as possible, consistently with the convenience of the Court; that the failure of the State of Indiana promptly to perform the covenants of the contract on its part had caused and will cause the Commonwealth of Kentucky injury and damage for which no adequate remedy at law exists; and that the Commonwealth of Kentucky was, and had been, " ready, able and willing " to perform the covenants of the contract on its part. It was also stated that all the allegations made by the State of Indiana in its answer were true. There was fur-

ther agreement to the effect that the blue prints and drawings filed herein correctly showed the location approved for the bridge by both States, the boundary line between the States, the location of the spans, bridge structure and approaches, the high water lines and the topography at the site of the bridge. It was agreed that the individual defendants were citizens, voters and taxpayers of Indiana and the operators of automobiles on which they paid license fees to that State. Pursuant to a stipulation, the Highway Commission of Indiana filed a statement showing the appropriations made by that State bearing upon the construction of the bridge.

A motion to set the cause for hearing upon the pleadings and the agreed statement of facts was granted, and the cause has been heard.

The question of the jurisdiction of this Court was determined on the hearing of the motion to dismiss. The State of Indiana, while desiring to perform its contract, is not going on with its performance because of a suit brought by its citizens in its own court. There is thus a controversy between the States, although a limited one.

A State suing, or sued, in this Court, by virtue of the original jurisdiction over controversies between States, must be deemed to represent all its citizens. The appropriate appearance here of a State by its proper officers, either as complainant or defendant, is conclusive upon this point. Citizens, voters and taxpayers, merely as such, of either State, without a showing of any further and proper interest, have no separate individual right to contest in such a suit the position taken by the State itself. Otherwise, all the citizens of both States, as one citizen, voter and taxpayer has as much right as another in this respect, would be entitled to be heard. An individual citizen may be made a party where relief is properly sought as against him, and in such case he should have

suitable opportunity to show the nature of his interest and why the relief asked against him individually should not be granted.

If the controversy within the original jurisdiction of this Court is over a contract alleged to have been made between two States, to which an individual defendant is not a party, it is manifest that such an individual defendant, merely as a citizen, voter and taxpayer of the defendant State, is not entitled to enter upon a separate contest in relation to the merits of the controversy so far as it relates to the making of the contract by the two States and the obligations that the contract imposes upon his State, and does not relate to any separate and proper interest of his own. The fact that an individual citizen in such a case is made a party defendant in order that the complainant may obtain some particular relief against him, which is merely incidental to the complete relief to which the complainant would be entitled if it should prevail as against the defendant State, gives such an individual defendant no standing to litigate on his own behalf the merits of a controversy which, properly viewed, lies solely between the States, but only to contest the propriety of the particular relief sought against him in case the decision on the merits is against his State. This gives an individual defendant in such a suit between States full opportunity to litigate the only question which concerns him individually as distinguished from the questions which concern him only in common with all the citizens of his State.

In the present instance, there is no showing that the individual defendants have any interest whatever with respect to the contract and its performance other than that of the citizens and taxpayers, generally, of Indiana, an interest which that State in this suit fully represents. The individual defendants have presented no defense

other than that which they seek to make on behalf of their State with respect to the making of the contract by that State and the obligations thereby imposed upon it. The particular relief asked against them is sought only as an incident to the relief which the Commonwealth of Kentucky seeks against the State of Indiana. The individual defendants were made parties solely for the purpose of obtaining an injunction against them restraining the prosecution of the suit in the state court. Such an injunction is not needed, as a decree in this suit would bind the State of Indiana and on being shown would bar any inconsistent proceedings in the courts of that State. As no sufficient ground appears for maintaining the bill of complaint against the individual defendants, it should be dismissed as against them.

The question, then, is as to the case made by the Commonwealth of Kentucky against the State of Indiana. By admitting in its answer that the allegations of the complaint are true, the State of Indiana admits the making of the contract and the authority of its officers to make it under the applicable legislation. Not only are the allegations of fact in the complaint conceded to be true but there is also no dispute as to the legal import of these facts. Instead of presenting any legal ground for contesting the validity of the contract, the State of Indiana expressly asserts in its answer that it believes the contract is valid. There is no suggestion of any inadvertence in the answer. On the contrary it is the deliberate statement of the position of the State of Indiana in the light of the litigation in the state court and of the questions there sought to be raised. The only suggestion of a defense for its failure to perform the contract, that is, what the State of Indiana in its answer characterizes as its "only excuse," is the pendency of this litigation in the state court. The State of Indiana avers that it

does not feel warranted in proceeding in the absence of a final determination establishing its right to proceed under the contract.

It is manifest that if, in accordance with the pleading of each State, the contract for the building of the bridge is deemed to be authorized and valid, the mere pendency of a suit brought by citizens to restrain performance does not constitute a defense. In that aspect, the question would be, not as to a defense on the merits, but whether this Court should withhold a final determination merely because of the fact that such a suit is pending. This question raises important considerations. It can not be gainsaid that in a controversy with respect to a contract between States, as to which the original jurisdiction of this Court is invoked, this Court has the authority and duty to determine for itself all questions that pertain to the obligations of the contract alleged. The fact that the solution of these questions may involve the determination of the effect of the local legislation of either State, as well as of acts of Congress, which are said to authorize the contract, in no way affects the duty of this Court to act as the final, constitutional arbiter in deciding the questions properly presented. It has frequently been held that when a question is suitably raised whether the law of a State has impaired the obligation of a contract, in violation of the constitutional provision, this Court must determine for itself whether a contract exists, what are its obligations, and whether they have been impaired by the legislation of the State. While this Court always examines with appropriate respect the decisions of state courts bearing upon such questions, such decisions do not detract from the responsibility of this Court in reaching its own conclusions as to the contract, its obligations and impairment, for otherwise the constitutional guaranty could not properly be enforced. *Larson* v. *South Dakota,* 278 U. S. 429, 433, and cases there cited. Where the

States themselves are before this Court for the determination of a controversy between them, neither can determine their rights *inter sese,* and this Court must pass upon every question essential to such a determination, although local legislation and questions of state authorization may be involved. *Virginia* v. *West Virginia,* 11 Wall. 39, 56; 220 U. S. 1, 28. A decision in the present instance by the state court would not determine the controversy here.

It is none the less true that this Court might await such a decision, in order that it might have the advantage of the views of the state court, if sufficient grounds appeared for delaying final action. The question is as to the existence of such grounds in this case. The gravity of the situation can not be ignored. The injury to the Commonwealth of Kentucky by the delay in the performance of the contract by the State of Indiana is definitely alleged and expressly admitted. That injury is concededly irreparable—without adequate remedy at law. It is specifically set forth in the agreed statement of facts that " it is of great interest and concern to the States of Indiana and Kentucky and the United States and the citizens thereof generally who will travel said Route 41 " (the highway through the States which will be made continuous by the construction of the bridge) " to have as early determination of this litigation as is possible." In these circumstances there would appear to be no adequate ground for withholding the determination of this suit because of objections raised by individuals, merely in their capacity as citizens, voters and taxpayers of Indiana, objections which the State itself declines to sponsor.

It would be a serious matter, where a State has entered into a contract with another State, the validity of the contract not being questioned by either State, if individual citizens could delay the prompt performance which was admittedly important, not only to the com-

plainant State but to the people of both States, merely by bringing a suit. It is not difficult to institute suits, and contracts between States, of increasing importance as interstate interests grow in complexity, would be at the mercy of individuals, if the action of the latter, without more, unsupported by any proper averments on the part of the State itself questioning its obligations, should lead this Court to stay its hand in giving the relief to which the complainant State would otherwise be entitled and of which it stood seriously in need.

On such a record as we have in this case, it is unnecessary for the Court to search the legislation underlying the contract in order to discover grounds of defense which the defendant State does not attempt to assert. The State of Indiana concludes its answer by saying that if a decree goes against it as prayed for, the State will at once proceed with the performance of the contract and fully complete that performance according to its terms.

We conclude that the controversy between the States is within the original jurisdiction of this Court; that the defendant State has shown no adequate defense to this suit; that nothing appears which would justify delay in rendering a decree; and that the Commonwealth of Kentucky is entitled to the relief sought against the State of Indiana.

The complainant and the defendant State will be accorded twenty days within which to submit a form of decree to carry these conclusions into effect. Costs will be divided equally between the States.

*Dismissed as to individual defendants.*

*Decree for complainant against the defendant State.*