Ruth Anne GUNNELS, and Harold
Gunnels, Appellants,

v.

VALLEY FORGE INSURANCE
COMPANY, Respondent.

No. 62884.

Missouri Court of Appeals,
Eastern District,
Division One.

June 1, 1993.

William E. Moench, St. Louis, for appellants.

James E. Whaley, James B. James, St. Louis, for respondent.

CRIST, Judge.

Ruth Anne Gunnels, Wife, and Harold Gunnels, Husband, filed a petition against their insurance company, Valley Forge, for damages arising out of an automobile accident. They alleged liability under the underinsured motorist coverage provision in their insurance contract. In Count I of the petition, Wife sought damages for her physical injuries, emotional distress, and lost wages up to the policy limits. In Count II, Husband sought damages for loss of consortium stemming from Wife's injuries up to the policy limits.

Both parties filed a motion for summary judgment on the issue of whether the combined damages of Husband and Wife were subject to the policy limitation of $100,000 per person. The trial court found the $100,000 limit applied to Wife and Husband's combined damages. The judgment did not include a finding of liability. The court designated the order as final and appealable and stated "there is no just reason for delay of appeal of this issue."

Husband and Wife appeal. Insurance Company asserts the trial court erred by designating the partial summary judgment order final and appealable. Rule 74.01(b), in part, states:

When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

"Under this rule the trial court may designate its order as final where the order

disposes of an entire claim, but it may not do so with respect to a partial claim. An element of a single claim may not be separately appealed even if the trial court designates it as final and appealable." *Team, Inc. v. Schlette*, 814 S.W.2d 12, 13[4] (Mo. App.1991) (citations omitted); *accord Lockett v. Owens–Corning Fiberglas*, 808 S.W.2d 902, 906[5] (Mo.App.1991).

■ The trial court's determination failed to resolve the issue of liability and damages on both Counts I and II. Therefore, it is not a judgment on at least one claim as required by the Rule. *See Lockett*, 808 S.W.2d at 906[5]. The trial court had no authority under Rule 74.01(b) to certify the judgment as final and appealable.

Husband and Wife assert that where a judgment is essentially a declaratory judgment and is capable of standing alone, such determination may become final and appealable. They cite *International Minerals v. Avon Products*, 817 S.W.2d 903, 906[2] (Mo.banc 1991). *See also Boatmen's Trust Co. v. Sugden*, 827 S.W.2d 249, 252[2] (Mo.App.1992). *International* involved a summary judgment determination of whether an insurance company was liable for damages; the amount of damages, however, had not been determined upon entry of the summary judgment order. Such a determination, our Supreme Court noted, was essentially a declaratory judgment action determining liability. *International* at 906[2].

■ *International* is inapplicable to our case because the issue of what liability limits were contemplated under Husband and Wife's insurance policy could not have properly been brought as a declaratory judgment action. A party may seek declaratory judgment when an action involves, (1) a justiciable controversy, (2) a legally protectable interest, and (3) an issue ripe for review. *Cooper v. State*, 818 S.W.2d 653, 655[3] (Mo.App.1991). A declaratory judgment may not be entered on facts which may never come to pass. *County of Warren v. Union Electric Co.*, 800 S.W.2d 814, 817[5] (Mo.App.1990).

Here, the parties requested a determination of the potential liability limits under an insurance policy before it was determined that coverage could be had under that policy. The issue was not ripe, and thus could not have been brought as a declaratory judgment action. *International* is inapplicable.

We dismiss without prejudice.

AHRENS, P.J., and REINHARD, J., concur.