State ex rel. the CITY OF ST. LOUIS,
Freeman Bosley, Jr., and the Metropolitan St. Louis Sewer District, Relators,

v.

Honorable Thomas C. MUMMERT III,
Judge, Circuit Court, St. Louis
City, et al., Respondents.

No. 76557.

Supreme Court of Missouri,
En Banc.

April 22, 1994.

Ronnie White, Freeman Bosley, Edward J. Hanlon, James M. Byrne, Robert H. Grant, Jeffrey J. Kramer, St. Louis, for relators.

John E. Galvin, St. Louis, for respondents.

BENTON, Judge.

In 1954 the voters in St. Louis City and St. Louis County approved a Plan establishing a municipal corporation and political subdivision of the state, relator Metropolitan St. Louis Sewer District. "MSD" is the only entity created under authority of article VI, sections 30(a) and 30(b) of the Missouri Constitution. The MSD Plan provides for a board of six trustees—three appointed by the Mayor of St. Louis "with the approval of a majority of the judges of the circuit court in said City" and three appointed by the Supervisor of St. Louis County "with the approval of a majority of the judges of the circuit court in said county."[1] This case resolves the constitutionality of these phrases.

On November 16, 1993, relator Mayor of St. Louis submitted to the City circuit judges the name of Michael Williams for approval as a trustee. On November 23, 1993, respondent presiding judge replied that the circuit

---

1. Section 5.010 of the Plan reads:
    Section 5.010. Trustees–Number–Appointment–Term.–The Board shall consist of six members to be known as Trustees, three of whom shall be appointed by the Mayor of the City of St. Louis *with the approval of a majority of the judges of the circuit court in said City* and three of whom shall be appointed by the County Supervisor of St. Louis County *with the approval of a majority of the judges of the circuit court in said County.* Each Trustee shall be appointed for a term of four years, except that of the Trustees first appointed by said Mayor and County Supervisor, respectively, one shall be appointed for a term of two years and one for a term of three years. Each Trustee shall serve until his successor shall be appointed and qualified. Any vacancy in the Board shall be filled by said Mayor or County Supervisor, as the case may be, *with approval as hereinabove provided,* for the unexpired term. Not more than two Trustees appointed from said City or County, as the case may be, shall be affiliated with the same political party.
    The phrases at issue are italicized.

court "decided it could not consider any appointees to the Board of the MSD in light of the fact that § 5.010 of the MSD Plan is unconstitutional." Relators filed for mandamus in the Missouri Court of Appeals, Eastern District, to compel the judges to consider Williams for approval. After that court denied the petition, relators filed a petition in this Court. *Mo. Const. art. V, § 4.* We hold that the phrases of the Plan requiring City and County circuit judges to approve trustees violate article V, section 4 of the Missouri Constitution.

I

A writ of mandamus is appropriate only when the respondent has a clear duty to perform a certain act. *State ex rel. City of Blue Springs v. Rice,* 853 S.W.2d 918, 920 (Mo. banc 1993). A court may not use mandamus to require performance of an unlawful act. *State ex rel. Sayad v. Zych,* 642 S.W.2d 907, 911 (Mo. banc 1982). Accordingly, relators are entitled to a writ only if the judges have a clear and lawful duty to approve or disapprove Williams' appointment. The circuit judges contend that they have no such duty because considering Williams' appointment would be unconstitutional.

II

Article V vests the judicial power of the state in the Supreme Court and other courts. *Mo. Const. art. V, § 1.* Specifically, this Court possesses "supervisory authority" and "general superintending control" over all courts. *Id. art. V, § 4.* Circuit judges are state judges subject to this supervisory authority and superintending control. *See Cantrell v. City of Caruthersville,* 363 Mo. 988, 255 S.W.2d 785, 786 (1953). Article V clearly does not grant municipal corporations (like MSD) any authority to supervise or control circuit judges.

Relators contend that because the Plan is derived from the constitution, the Plan may require state judges to consider trustees. MSD is a municipal corporation and a political subdivision of the state. *Plan, § 1.010.* Sections 30(a) and 30(b) of article VI of the constitution provide no express power to supersede constitutional provisions. An approved Plan "becomes the organic law of the territory therein defined, and shall take the place of and supersede all laws, charter provisions and ordinances inconsistent therewith relating to said territory." *Mo. Const. art. VI, § 30(b).*

The Plan thus supersedes only inconsistent "laws, charter provisions, and ordinances;" the Plan does not supersede inconsistent constitutional provisions. In the absence of any express power to supersede contrary constitutional provisions, the Plan has no implied authority to do so. *See State ex inf. Dalton v. Metropolitan St. Louis Sewer District,* 365 Mo. 1, 275 S.W.2d 225, 233–35 (1955) (levying general property taxes at different rates in City and County violates article X, section 3).

In sum, article V, section 4 is explicit that this Court is responsible for "supervisory authority" and "superintending control" over courts. This responsibility includes the authority to supervise and control judicial involvement in appointments. No constitutional provision—including article VI, sections 30(a) and 30(b)—gives the Plan any role in supervising or controlling circuit judges. Accordingly, this Court holds that the phrases in section 5.010 of the Plan requiring circuit judges to approve trustees violate article V, section 4 of the Constitution.

III

Finally, this Court must decide whether the constitutionally invalid phrases are severable. The Plan has a unique severability section, unlike § 1.140 RSMo 1986 or other tailored severability clauses. The severability section here shows the voters' intent that the Plan should survive even if isolated phrases are held unconstitutional:

> If any section, subsection, sentence, clause, or *phrase* of this Plan is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions of this Plan. The people of the District hereby declare that they would have adopted this Plan, and each section, subsection, sentence, clause and *phrase* thereof, irrespective of the fact that any one or more of the same shall be declared unconstitutional.

*Plan,* § *12.010* (emphasis added). Accordingly, we find that the unconstitutional phrases in section 5.010 are severable from the rest of the Plan.

## IV

The alternative writ of mandamus previously issued is quashed.

All concur.

